**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X

IN RE: CHANA TAUB                    12-cv-525 (WFK)

-------------------------------------------------X

RECEIVED OCT 04 2018 PRO SE OFFICE

### REPLY TO MOTION FOR ATTORNEY'S FEES

October 3, 2018

1) Today is the first day AFTER the Holiday of Sukkot. David Bellon was married to a Jewish woman so he knows that on our Holidays we are not allowed to do anything other than walk to synagogue and pray and cook and have meals. We cannot drive or ride the bus or train or use the phone or write. Therefore, he demands that I answer papers exactly during this Holiday, which is impossible for a religious person to do.

2) David Bellon Never represented me in District Court. He never filed or wrote any papers for me, so how can he demand legal fees? And he is asking Honorable Judge to be his bookkeeper.

3) District Court is not the right venue to demand legal fees. It is only for appealing Bankruptcy Orders. And this case was closed in 2015..

4) David Bellon filed papers in Bankruptcy Court, nine years after he had time to file, even though he got paid every time he came to court and I did not owe him anything; and he was DENIED.

5) David Bellon filed papers in Supreme Court, seven years after the case was closed, even though he did not represent me there and also did not ever file or write any papers for me; and he was DENIED.

Enclosed are the two DENIALS .

I am respectfully requesting for This Court to Deny David Bellon his motion in its entirety, with sanctions and with prejudice. .

Sincerely,

*Chana Taub* (signature)
Chana Taub

Enc. (Two Denials)

# EXHIBIT "1"



**STATE OF NEW YORK**
**UNIFIED COURT SYSTEM**
**SECOND JUDICIAL DISTRICT, SUPREME COURT**

320 JAY STREET
BROOKLYN, NEW YORK 11201
(347) 296-1000 · FAX (347) 296-1327

**MATTHEW J. D'EMIC**
Administrative Judge For Criminal Matters
Supreme Court, Kings County
Second Judicial District

**DORIS BERGEMANN, ESQ.**
Principal Court Attorney

May 11, 2018

David Bellon, Esq.
157-51 26 Avenue
Flushing, New York 11354

Ms. Chana Taub
P.O. Box 190667
Brooklyn, New York 11219

Re: <u>Taub v. Taub -- Kings County Index No. 26534/2007</u>

Dear Mr. Bellon and Ms. Taub:

I am writing you on behalf of the Honorable Matthew J. D'Emic.

Enclosed, please find a copy of the court's decision determining the pending motion in the captioned matter. As the court has now issued its decision, there is no need for either of you to appear in court on May 25, 2018. This matter is now concluded.

Thank you.

Very truly yours,

Doris Bergemann
Principal Court Attorney

                                                    At a Term of the Supreme Court
                                                    of the State of New York,
                                                    held in and for the County of
                                                    Kings, at the Courthouse located
                                                    at 320 Jay Street, Brooklyn, New
                                                    York, on the 11th day of May,
                                                    2018.

PRESENT:
HON. MATTHEW J. D'EMIC
Justice of the Supreme Court
-----------------------------------------------------------x
CHANA TAUB,

                Plaintiff,                                    ORDER

       - against -

                                                                   Index No. 26534/2007

SIMON TAUB,

                Defendant.
-----------------------------------------------------------x

      Upon an application brought on by order to show cause and made returnable before the court on January 5, 2018, David Bellon, Esq. moves for a charging lien against Chana Taub, pursuant to Judiciary Law§ 475, and for other related relief.

      Upon due consideration of Mr. Bellon's moving papers, the Supreme Court records, Eastern District Bankruptcy Court orders submitted to the court, and the parties' oral argument, the court determines that the application is denied in all respects.

### *Factual and Procedural Background*

      Following the prior court's order dated March 7, 2008, which granted the plaintiff a divorce against the defendant (Demarest, J.), on May 24, 2010 the captioned matrimonial action was assigned to this court, and the court thereafter conducted a trial on the issues of equitable distribution, maintenance, child support, and other related matters. The plaintiff, Ms. Taub, was represented by Neil Iovino, Esq. from the outset of the proceedings before this court through to the submission of the post-trial memoranda in

February of 2011. This court rendered its findings of fact and conclusions of law upon these matters in a decision and order dated April 22, 2011, and the final judgment of divorce and award of ancillary relief was issued on July 27, 2011.

Also pending while these matrimonial proceedings were on-going was Ms. Taub's Chapter 11 bankruptcy petition in the Eastern District of New York. Chana Taub's petition for bankruptcy relief was filed on July 1, 2008.

At one point, Ms. Taub had sought to keep in place a stay of these divorce proceedings (which stay arose automatically under bankruptcy law). However, the bankruptcy court ruled that the matrimonial trial should proceed to its conclusion, but that any judgment settled pursuant to this court's determination of the matrimonial action was to be enforced in the United States Bankruptcy Court for the Eastern District of New York, as decreed in the order of Judge Elizabeth S. Stong of that court dated August 14, 2009.

Both matters are now long concluded--the divorce action in July, 2011, and a final decree in the bankruptcy case was entered on September 10, 2015 and that case was closed by the court on November 23, 2015.

In this post-judgment application, non-party David Bellon, who was one of several attorneys who represented Chana Taub not in the matrimonial proceedings but in bankruptcy court, is seeking to recover approximately 1.2 million dollars in fees he claims Ms. Taub still owes him for his services in the bankruptcy proceedings.

In pursuit of his fees, Mr. Bellon had made an application on February 5, 2017 to re-open the bankruptcy case for the bankruptcy court to fix the amount of attorney's fees owed to him in connection with his representation of Chana Taub in those proceedings. His application, which was also opposed by Ms. Taub, was denied on March 17, 2017 (Elizabeth S. Stong, U.S. Bankruptcy Judge).

Thus, Mr. Bellon now turns to this court in an attempt to obtain fees he claims Ms. Taub still owes him. His theory for recovery of same within the captioned matrimonial action is that he has a charging lien and he maintains that he is entitled to a lien in the amount of $1,199,971 against Ms. Taub's distributive award.

Mr. Bellon's application must be denied in its entirety as he is not entitled to this relief from this court.

*Discussion*

Mr. Bellon has moved this court to fix and enforce a charging lien, pursuant to Judiciary Law § 475, which he claims he has in and against the distributive award Ms. Taub received in the order and judgment made in the captioned matter. Mr. Bellon further claims that he is entitled to an account stated and that the amount due him is already established to be $1,199,971 (based upon his invoice dated 10/22/2015, stated to have been tendered to Ms. Taub without objection). Accordingly, he indicates that no hearing is necessary to fix the amount of the charging lien and that he should be awarded a money judgment thereon in that amount. Additionally and lastly, Mr. Bellon is requesting that the court issue a temporary restraining order enjoining and restraining Ms. Taub and her agents from transferring any real property until his lien is satisfied.

Ms. Taub opposes this application in its entirety and denies that she owes Mr. Bellon any further attorney's fees. She avers that he has been paid for his services. Further, Ms. Taub states that Mr. Bellon only represented her in bankruptcy court, that he never represented her "in divorce court."

New York's attorney's charging lien is derived from the common law and is now codified in the Judiciary Law.

"A charging lien is a security interest in the favorable result of litigation, giving the attorney equitable ownership interest in the client's cause of action and ensuring that the attorney can collect his fee from the fund he has created for that purpose on behalf of the client [citations omitted]" (*Wasserman v Wasserman*, 119 AD3d 932, 933 [2nd Dept. 2014]).

The attorney's charging lien was "invented by the courts for the protection of attorneys against the knavery of their clients by disabling clients from receiving the fruits of recoveries without paying for the valuable services by which the recoveries were obtained" (*Goodrich v McDonald*, 112 N.Y. 157, 163 [1889]).

"The theory upon which the lien is upheld is that the attorney has, by his skill and labor, obtained the judgment, and that hence he should have a lien thereon for his compensation, in analogy to the lien which a mechanic has upon any article which he manufactures" (*Williams v Ingersoll*, 89 N.Y. 508, 517 [1882]).

Section 475 of the Judiciary Law provides, in pertinent part, as follows:

> "From the commencement of an action . . . in any court . . . the attorney who **appears** for a party has a lien upon his or her client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in his or her client's favor, and the proceeds thereof in whatever hands they may come . . . . The court upon the petition of the client or attorney may determine and enforce the lien."

(Judiciary Law § 475, emphasis supplied.)

The Court of Appeals has stated that the language in the statute, "the attorney who appears for a party," "has consistently been held to grant a lien to the attorney of record [citations omitted]" (*Rodriguez v City of New York*, 66 NY2d 825, 827 [1985]). And that court looked to see if the movant attorney's name had ever appeared "on any of the pleadings, motion papers, affidavits, briefs or record in plaintiff's action" (*id.*). Finding no evidence thereof, the *Rodriguez* court was also not swayed by the movant's assertion that his name was on the filed retainer statement (along with that of the "of counsel" attorney who actually represented the plaintiff at trial and filed all the papers in the action): "That movant's name was filed with the Judicial Conference to reflect his interest in the litigation does not make him an attorney of record any more than it would in the case of filing a trial counsel's name" (*Rodriguez* at 828).

Here too, in support of his petition, Mr. Bellon asserts that Ms. Taub entered into a litigation retainer agreement with him, and he annexed a copy of the document[1] to his motion papers. While Ms. Taub denies ever seeing or signing this document, it is not necessary to address that matter, because, in any event, as the Second Department has observed, "the mere existence of a retainer agreement is insufficient to create a charging lien pursuant to Judiciary Law § 475. That statute provides that an attorney 'appear' for the client, in the sense of participating in a legal proceeding on the client's behalf or by having his name affixed to the pleadings, motions, records, briefs, or other papers submitted in the matter [citation omitted]" (*Ebert v New York City Health & Hosps. Corp.*, 210 AD2d 292, 292–93 [2d Dept 1994], *lv. denied*, 85 NY2d 806 [1995]; see also, *Cataldo v Budget Rent A Car Corp.*, 226 AD2d 574 [2d Dept 1996], *lv. dismissed*, 88 NY2d 1017 [1996], *lv. denied*, 89 NY2d 811 [1997]).

---

[1] It bears noting that this document reflects the employment of the attorney for the E.D.N.Y. Bankruptcy case litigation.

-4-

Mr. Bellon's application, seeking to recover against Ms. Taub's divorce judgment proceeds, fails for the simple but inescapable fact that he did not represent her in those proceedings.

This court presided over these matrimonial proceedings from May of 2010, including the trial which commenced on October 4, 2010 and ended on November 1, 2010, through to the final judgment of divorce rendered on July 27, 2011, and continuing on through various post-judgment applications, the last one having been decided by this court on December 3, 2013. At no point in time, from May, 2010 through to the present, was the movant, David Bellon, Esq. ever counsel of record herein, nor did he ever represent her in this matrimonial action[2] before this court; additionally, with the exception of the instant motion, Mr. Bellon filed no pleadings, briefs, motions or other papers in this action.

Since Mr. Bellon did not appear as attorney of record in this matter, and also never filed a notice of lien pursuant to Judiciary Law § 475-a (and would have had no basis to do so), he is not entitled to a charging lien under the Judiciary Law (see *Matter of Jaghab & Jaghab v Marshall*, 256 AD2d 342 [2nd Dept. 1998]).

While Mr. Bellon observes that one need not be counsel of record at the time the judgment or settlement fund is created in order to be entitled to the lien afforded by Judiciary Law § 475 (see *Klein v Eubank*, 87 NY2d 459, 462 [1996], *rearg. denied*, 87 NY2d 1056 [1996]), the attorney must have been counsel of record at some point. The *Klein* court explained that former counsel was not necessarily precluded from invoking the lien: "an attorney's participation in the proceeding *at one point* as counsel of record is a sufficient predicate for invoking the statute's protection [citation omitted]" (*id.*).

Despite Mr. Bellon's representation upon this application that he represented Ms. Taub in this matrimonial action, this court holds, as a matter of fact and law, that Mr. Bellon did not appear for Ms. Taub in this action, and thus he has no charging lien here. Accordingly, he cannot avail himself of this summary procedure to recover attorney's fees, which fee claims obviously relate to his litigation of the bankruptcy proceedings.

Where there is a valid charging lien the attorney may seek to enforce it "by making a petition to the court in the proceeding where [he] appeared, rather than having to bring a separate plenary action" (*Haser v Haser*, 271 AD2d 253, 254 [1st Dept, 2000]; see also *Miller v Kassatly*, 216 AD2d 260 [1st Dept., 1995]).

---

[2] Mr. Bellon had incidentally appeared before this court, in the capacity of Ms. Taub's bankruptcy attorney, with regard to the status of the Eastern District bankruptcy proceedings.

That is not possible here however because the petitioning attorney, Mr. Bellon, did not appear for Ms. Taub in this matter and had no role in the trial or post-trial proceedings leading to the ultimate judgment of divorce and ancillary relief.

The attorney's lien is only on the specific judgment from the action in which the attorney appeared. "[T]he expedited procedure of Judiciary Law § 475 is designed to attach only the specific proceeds of the judgment or settlement in the action where the attorney appeared" (*Haser v Haser*, 271 AD2d at 255).

"If there is no charging lien, the remedy does not lie and the attorney must bring a plenary action to determine and recover his fee" (*Matter of Desmond v Socha*, 38 AD2d 22, 24 [3rd Dept. 1971], *aff'd*, 31 NY2d 687 [1972]; see also, *Rodriguez*, 66 NY2d at 827).

In the matter *sub judice* the court finds that Mr. Bellon is not entitled to an attorney's lien under Judiciary Law § 475 and therefore, to pursue such claims as he may have for the recovery of attorney's fees, he must bring a plenary action, before an appropriate forum, not the matrimonial court. Further, in light of this court's conclusion that the movant does not possess an attorney's lien on any of the divorce judgment proceeds, Mr. Bellon's subsidiary claims and additional requests for relief will not be addressed and are denied.

In closing, this court must note that there is a perceived overlap between the divorce action and the bankruptcy proceedings on the part of Mr. Bellon. This is by virtue of the facts that the bankruptcy court was to incorporate the matrimonial judgment into its final bankruptcy decree and distribution, that both Chana Taub and Simon Taub were also opposing parties in both matters, and that these parties entered into a "global settlement" of the bankruptcy proceedings which also settled all of their disputes regarding the final divorce judgment and equitable distribution provisions. Nevertheless, Mr. Bellon cannot look to Ms. Taub's distributive award or her ownership of the former marital home to satisfy his claim for unpaid fees absent a new lawsuit seeking same.

Accordingly, the movant's application is hereby denied in its entirety.

This constitutes the decision and order of the court.

ENTER,

*[signature]*

J. S. C.

# EXHIBIT "2"

# EXHIBIT "2"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                                   Chapter 11

CHANA TAUB,                                                Case No. 08-44210-ess

                    Debtor.
-----------------------------------------------------------x

## ORDER DENYING MOTION TO REOPEN CHAPTER 11 CASE

WHEREAS, on July 1, 2008, Chana Taub filed a petition for relief under Chapter 11 of the Bankruptcy Code; and

WHEREAS, on April 13, 2010, the Court entered an Order appointing Lori Lapin Jones as Trustee for the Debtor's estate; and

WHEREAS, on December 18, 2014, the Court entered an order (the "Confirmation Order") confirming the Joint Plan of Reorganization dated November 7, 2014 (the "Plan"); and

WHEREAS, on September 10, 2015, the Court entered a Final Decree (the "Final Decree"), deeming the Plan effective, deeming prior awards of professional fees and trustee commissions final, and authorizing the Trustee to make any and all final distributions under the Plan in her capacity as Disbursing Agent; and

WHEREAS, on November 23, 2015, this bankruptcy case was closed; and

WHEREAS, on February 5, 2016, David A. Bellon, Esq. ("Mr. Bellon"), former counsel to Chana Taub, filed a motion to reopen this case (the "Motion to Reopen"), waive the fee to reopen the case, and fix the amount of attorneys' fees owed to Mr. Bellon in connection with his representation of Chana Taub; and

WHEREAS, on February 27, 2017, Chana Taub filed opposition (the "Opposition") to the Motion to Reopen; and

WHEREAS, on March 7, 2017, the Court held a hearing on the Motion to Reopen and the Opposition at which Mr. Bellon and Chana Taub, each *pro se*, appeared and were heard, and the Court closed the record and reserved decision.

*The Standard for Exercising Post-Confirmation Jurisdiction*

WHEREAS, a bankruptcy court may exercise post-confirmation jurisdiction where it is shown that jurisdiction exists under 28 U.S.C. § 1334, that "the matter has a 'close nexus to the bankruptcy plan or proceeding, as when a matter affects the interpretation, implementation, consummation, execution, or administration of the confirmed plan' and . . . that the plan provides for the retention of jurisdiction over the dispute." *In re DPH Holdings Corp.*, 437 B.R. 88, 97 (S.D.N.Y. 2010) (quoting *Penthouse Media Grp. v. Guccione (In re Gen. Media Inc.)*, 335 B.R. 66, 73 (Bankr. S.D.N.Y. 2005)); and

WHEREAS, in cases where a plan has been confirmed, bankruptcy courts have limited their post-confirmation jurisdiction to that "requisite to effectuate a plan of reorganization." *Hosp. & Univ. Prop. Damage Claimants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 7 F.3d 32, 34 (2d Cir. 1993); and

WHEREAS, post-confirmation, "the Bankruptcy Court's jurisdiction . . . shrinks." *Lothian Cassidy, LLC v. Lothian Exploration and Dev. II, LLP*, 487 B.R. 158, 162 (S.D.N.Y. 2013). *See In re Gen. Media Inc.*, 335 B.R. at 73 (noting that "Section 1334 does not expressly limit the bankruptcy court's jurisdiction following plan confirmation. Nevertheless, all courts that have addressed the question have ruled that once confirmation occurs, the bankruptcy court's jurisdiction shrinks."); and

WHEREAS, the Plan was confirmed on December 18, 2014, and this case was closed on November 23, 2015, "shrink[ing]" this Court's jurisdiction.

2

### *The Standard for Reopening a Closed Case*

WHEREAS, Bankruptcy Code Section 350(b) provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause;" and

WHEREAS, Bankruptcy Rule 5010 provides that "[a] case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code;" and

WHEREAS, "the determination of whether a case should be reopened for other cause is committed to the '"broad discretion' of the bankruptcy court." *In re Atari, Inc.*, 2016 WL 1618346 (Bankr. S.D.N.Y. Apr. 20, 2016) (quoting *Batstone v. Emmerling (In re Emmerling)*, 223 B.R. 860, 864 (B.A.P. 2d Cir. 1997)); and

WHEREAS, the decision to reopen "invoke[s] the exercise of a bankruptcy court's equitable powers, which is dependent upon the facts and circumstances of each case." *Katz v. I.A. Alliance Corp. (In re I. Appel Corp.)*, 104 F. App'x 199, 200 (2d Cir. 2004); and

WHEREAS, in determining whether cause exists to reopen a case, courts in this district may consider factors "including equitable concerns, and ought to emphasize substance over technical considerations." *In re Emmerling*, 223 B.R. at 864; and

WHEREAS, these factors include:

(1)    the length of time that the case was closed;

(2)    whether a nonbankruptcy forum has jurisdiction to determine the issue that is the basis for reopening the case;

(3)    whether prior litigation in the bankruptcy court determined that another court would be the appropriate forum;

(4)    whether any parties would suffer prejudice should the court grant or deny the motion to reopen;

(5)    the extent of the benefit to any party by reopening; and

(6)  whether it is clear at the outset that no relief would be forthcoming if the motion to reopen is granted.

*In re Atari*, 2016 WL 1618346, at *4-5; and

WHEREAS, the movant seeking to reopen a bankruptcy case has "the burden to demonstrate cause" for such relief. *In re Easley-Brooks*, 487 B.R. 400, 406 (Bankr. S.D.N.Y. 2013).

*Application of the Standard*

Factor One: The Length of Time that the Case Was Closed

WHEREAS, the first factor calls for a court to consider the length of time that the case has been closed, and acknowledges that "[a]s the time between the closing of a bankruptcy case and its reopening increases, so must the cause for reopening increase in weight." *In re Lowery*, 398 B.R. 512, 515 (Bankr. E.D.N.Y. 2008); and

WHEREAS, this case was closed on November 23, 2015, or some fifteen months before Mr. Bellon made the Motion to Reopen; and

WHEREAS, during the pendency of this case, Mr. Bellon did not make an application for an award of attorneys' fees; and

WHEREAS, during the pendency of this case, Mr. Bellon did not file a claim for payment of administrative expenses; and

WHEREAS, Mr. Bellon has not stated a basis for his delay in seeking to reopen this case or for an award of attorney's fees; and

WHEREAS, Chana Taub opposes reopening this "closed case after seven years in court"; Opp., Doc. No. 1624, p. 1; and

4

WHEREAS, for these reasons, the first factor weighs against reopening this bankruptcy case.

Factor Two: Whether a Non-Bankruptcy Forum Has Jurisdiction to Adjudicate the Dispute that Is the Basis for the Motion to Reopen

WHEREAS, the second factor calls for a court to consider whether a non-bankruptcy forum has jurisdiction to determine the issue that is the basis for reopening the case, and acknowledges that "bankruptcy courts 'routinely decline to exercise their discretion to reopen bankruptcy cases where the parties are seeking or could seek relief in a competent alternative forum.'" *In re HBLS, L.P.*, 468 B.R. 634, 640 (Bankr. S.D.N.Y. 2012) (quoting *In re Skyline Woods Country Club, LLC*, 431 B.R. 830, 835-36 (B.A.P. 8th Cir. 2010), *aff'd sub nom. In re Skyline Woods Country Club*, 636 F.3d 467 (8th Cir. 2011)); and

WHEREAS, a motion to reopen may be denied where, among other factors, a state court has concurrent jurisdiction to adjudicate a dispute. As one court has stated:

> Perhaps the strongest basis for the bankruptcy court's jurisdiction over this dispute is its implicit authority and jurisdiction to interpret or enforce its own prior orders, but that jurisdiction is not exclusive, even with regard to the interpretation of orders approving sales of estate property. Matters not committed to the exclusive jurisdiction of the federal courts are subject to the concurrent jurisdiction of state courts.

*In re Skyline Woods Country Club*, 431 B.R. at 835-36; and

WHEREAS, in the Motion to Reopen, Mr. Bellon argues that "Bankruptcy Courts . . . have exclusive jurisdiction over the matter of attorney's fees in a bankruptcy proceeding." Mot. to Reopen, Doc. No. 1623, ¶ 14; and

WHEREAS, Plan Article 10.01(g), as incorporated in the Confirmation Order, provides that this Court shall retain jurisdiction "[t]o hear and determine all applications for compensation and reimbursement of expenses of professionals under §§ 326, 330, 331, and 503(b) of the Bankruptcy Code;" Confirmation Order, Doc. No. 1583-1; and

WHEREAS, the Final Decree provides that "this Court may retain jurisdiction over all matters described in Section 10 of the Plan and the Confirmation Order;" Final Decree, Doc. No. 1615, p. 2; and

WHEREAS, in the Motion to Reopen, Mr. Bellon asserts that when a "fee dispute is between the debtor and his or her attorney, this Court will should weigh heavily the unique nature of the jurisdiction Congress conferred upon it under § 329." Mot. to Reopen, Doc. No. 1623, ¶ 5; and

WHEREAS, pursuant to the Confirmation Order and the Final Decree, this Court did not retain "exclusive jurisdiction" to determine a fee application or dispute under Bankruptcy Code Section 329; and

WHEREAS, the relief that Mr. Bellon seeks arises from a two-party dispute between Mr. Bellon and his former client Chana Taub; and

WHEREAS, the courts of the State of New York provide an alternative forum with the jurisdiction and expertise to resolve the parties' dispute; and

WHEREAS, for these reasons, the second factor weighs against reopening this bankruptcy case.

Factor Three:  Whether Prior Litigation in the Bankruptcy Court Determined that Another Court Would Be the Appropriate Forum

WHEREAS, the third factor calls for a court to consider whether prior litigation in the bankruptcy court determined that another court would be the appropriate forum to resolve the dispute, and "asks whether the bankruptcy court previously determined the appropriate forum to adjudicate the dispute." *In re Atari*, 2016 WL 1618346, at *9; and

WHEREAS, Mr. Bellon asserts that pursuant to 28 U.S.C. § 1334, "this Court should find that it has jurisdiction over a fee dispute between an attorney and his or her client regarding

services rendered in contemplation of or in connection with a case under title 11." Mot. to Reopen, Doc. No. 1623, ¶ 13; and

WHEREAS, this Court has not previously addressed whether another court is the appropriate forum to determine the fee dispute between Mr. Bellon and Chana Taub; and

WHEREAS, for these reasons, the third factor weighs neither in favor of nor against reopening this bankruptcy case.

Factor Four:  Whether Any Parties Would Suffer Prejudice Should the Court Grant or Deny the Motion to Reopen

WHEREAS, the fourth factor calls for a court to consider whether any party would suffer prejudice if it grants or denies a motion to reopen; and

WHEREAS, Mr. Bellon argues that "if this case is not reopened, there is no prospect of any recovery to [him]." Mot. to Reopen, Doc. 1623, ¶ 10; and

WHEREAS, Mr. Bellon asserts that "[t]he Debtor can't demonstrate significant prejudice to her if this bankruptcy case is reopened [because] the Debtor can't show that debtor's former counsel fees have been paid." Mot. to Reopen, Doc. 1623, ¶ 9; and

WHEREAS, Chana Taub opposes reopening this case, and asserts that Mr. Bellon "got paid;" Opp., Doc. 1624, ¶ 8; and

WHEREAS, neither party will be prejudiced if the Court denies the Motion to Reopen because, among other reasons, the fee dispute between Mr. Bellon and Chana Taub can be addressed in another forum. *See In re Otto*, 311 B.R. 43, 48 (Bankr. E.D. Pa. 2004) (denying a motion to reopen based on the availability of an alternative forum); and

WHEREAS, Chana Taub will be prejudiced if the Court grants the Motion to Reopen because, among other reasons, the estate would incur additional costs in connection with

administering this bankruptcy case, and those estate administration costs would not be incurred if the parties address their fee dispute in another forum; and

WHEREAS, for these reasons, this factor weighs against reopening this bankruptcy case.

Factor Five:  The Extent of the Benefit to Any Party by Reopening

WHEREAS, the fifth factor calls for a court to consider the extent of the benefit to any party by reopening this case; and

WHEREAS, "[c]ourts have held that the need to enforce rights that were bargained for in a confirmed plan of reorganization constitutes a sufficient 'benefit' to justify reopening a bankruptcy case." *In re Atari*, 2016 WL 1618346, at *11 (quoting *In re I. Appel Corp.*, 300 B.R. at 571; and

WHEREAS, Mr. Bellon argues that "there is a prospect of a benefit to the Debtors' creditors" if this case is reopened. Mot. to Reopen, Doc. 1623, ¶ 6; and

WHEREAS, Mr. Bellon further argues that "if this case is reopened, and a newly appointed chapter 11 trustee is afforded the opportunity to investigate attorneys' fees, such creditor stands to receive a benefit or even a substantial benefit." Mot. to Reopen, Doc. 1623, ¶ 7; and

WHEREAS, Chana Taub opposes reopening this case, and asserts that "prior to closing the case, all people or companies who were listed on this case, including David Bellon . . . were sent notices, informing them to file any claim they may have against Chana Taub by a date certain . . . . Mr. Bellon did not file any claim." Opp., Doc. 1624, ¶ 6; and

WHEREAS, Mr. Bellon represented Chana Taub and was actively involved in this case during, among other things, Plan negotiations; and

8

WHEREAS, the Plan, the Confirmation Order, or the Final Decree do not provide for this Court to determine the fee dispute between Mr. Bellon and Chana Taub; and

WHEREAS, having this Court determine the amount of Mr. Bellon's attorneys' fees is not sufficiently beneficial to any party to warrant reopening this case; and

WHEREAS, for these reasons, this factor weighs against reopening this bankruptcy case.

<u>Factor Six: Whether it is Clear that No Relief Would Be Forthcoming if the Motion to Reopen Is Granted</u>

WHEREAS, the sixth factor calls for a court to consider whether the underlying relief requested lacks merit, warranting the denial of a non-debtor's motion to reopen a case. *See Cohen v. CDR Creances S.A.S. (In re Euro-Am Lodging Corp.)*, 549 F. App'x 52, 54 (2d Cir. 2014) (affirming the denial of non-debtor's motion to reopen to enforce the discharge where the non-debtor had not been granted a discharge); and

WHEREAS, Mr. Bellon asserts, in substance, that if this case is reopened, he would be able to demonstrate that he is entitled to an award of attorneys' fees in connection with his representation of Chana Taub in this Chapter 11 case. Mot. to Reopen, Doc. 1623, ¶ 18; and

WHEREAS, Chana Taub opposes reopening this case, and asserts, in substance, that Mr. Bellon had notice of the last date to file a claim for attorneys' fees, and did not file a claim. Opp., Doc. 1624, ¶ 6; and

WHEREAS, Chana Taub alleges that Mr. Bellon has already been paid. Opp., Doc. 1624, ¶ 8; and

WHEREAS, it is not clear from the record who would prevail in the fee dispute between Mr. Bellon and Chana Taub; and

WHEREAS, for these reasons, this factor weighs neither in favor of nor against reopening this bankruptcy case.

*Bankruptcy Code Section 350*.

WHEREAS, Bankruptcy Code Section 350(b) provides that a bankruptcy case may be reopened "to administer assets;" and

WHEREAS, Mr. Bellon has not established that this bankruptcy case should be reopened to administer assets; and

WHEREAS, Bankruptcy Code Section 350(b) provides that a bankruptcy case may be reopened "to accord relief to the debtor;" and

WHEREAS, Mr. Bellon has not established that this bankruptcy case should be reopened to accord relief to the debtor, that is, Chana Taub; and

WHEREAS, Bankruptcy Code Section 350(b) provides that a bankruptcy case may be reopened "for other cause;" and

WHEREAS, based on the entire record, Mr. Bellon has not established that this bankruptcy case should be reopened for other cause; and

WHEREAS, Mr. Bellon has not otherwise established that he is entitled to the relief that he seeks.

NOW THEREFORE, it is hereby

ORDERED, that based on the entire record, and for all the reasons reflected in the record, the Motion to Reopen is denied.



Dated: Brooklyn, New York
March 17, 2017

_____
Elizabeth S. Stong
United States Bankruptcy Judge